FILED
2021 Oct-21  AM 09:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA FLETCHER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| THE J.M. SMUCKER COMPANY, | ) | |
| and BIG HEART PET BRANDS, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

## I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991, and 42 U.S.C. § 1981, as amended," and Plaintiff's pendent state law claims. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, providing injunctive and other relief against race discrimination, gender discrimination, and retaliation in employment.

## II. PARTIES

2.      Plaintiff, Cynthia Fletcher, ("Plaintiff") is an African American female citizen of the United States and is a resident of Tanner, Alabama.

3.      Defendant, The J.M. Smucker Company, ("J.M. Smucker") is a foreign corporation. The Defendant is engaged in business in Alabama.

4.      Defendant, Big Heart Pet Brands, Inc., ("Big Heart"), is a foreign corporation engaged in business in Alabama.

5.      At all times relevant to this action, the Defendants have maintained and operated a business in Alabama. Defendants are engaged in an industry affecting commerce and each Defendant has fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## III. ADMINISTRATIVE PROCEDURES

6.      Plaintiff hereby adopts and realleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

7.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by her employer, Defendants J.M. Smucker and Big Heart.

8.      This action seeks to redress unlawful employment practices resulting from the acts of Defendants, their agents, servants, and employees committed with

respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of racial discrimination, gender discrimination and retaliation.

9.     On February 8, 2021, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

10.     Plaintiff's Right to Sue was issued  from the EEOC on July 23, 2021.

11.     Administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

12.     Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

13.     Plaintiff, Cynthia Fletcher is an African American female.

14.     Plaintiff began working for the Defendant in or around July 2018 as a Pack Technician at the Decatur plant.

15.     The week of July 20, 2020, the plant managers required all four shifts report to work and clean for a shut down.

16.     Four employees were assigned to clean one machine.

17.     Plaintiff complained that there were too many employees assigned to clean one machine because numerous employees already tested positive for Covid-19.

18.     On or about July 23, 2020, Plaintiff and other employees were waiting to begin work while contractors investigated a shut down.

19.     Plaintiff and the other employees, technicians, were unable to work until the investigation was complete.

20.     Wanda Orr came up behind Plaintiff and other black female employees and stated, "they" were watching us on camera, referring to the white managerial employees.

21.     Plaintiff and other black females were then disciplined.

22.     The white similarly-situated male employees that were also standing in the same area as the Plaintiff and the other black female employees were not disciplined.

23.     Plaintiff and the other black female employees that were disciplined were treated differently than the white male employees that were engaged in the same or similar actions and were not disciplined.

24.     Plaintiff complained that the discipline was discriminatory and in or around late July or early August 2020, within days after being disciplined, Plaintiff complained to Human Resources at the corporate office that she and other black

female employees were being discriminated against because of their gender and race.

25.    On or about August 17, 2020, withing days of Plaintiff complaints of discrimination, she was informed by Human Resources that she was being terminated because of alleged attendance issues, which was false.

26.    Plaintiff disputed that she had any attendance issues.

27.    In June 2020, Plaintiff was falsely accused of having attendance issues and Plaintiff proved that she was not absent and was at work on the days in question and paid for these days, including overtime.

28.    Plaintiff requested that the incorrect absences be removed from her employee record.

29.    On or about August 22, 2020, Plaintiff received a letter from the Defendants stating she was being terminated due to alleged unsatisfactory performance.

30.    Plaintiff was a good employee and prior to her termination had not been informed of any performance issues.

31.    Plaintiff believes that a white male was hired to replace her after her termination and that the number of black employees has decreased while the number of white employees has increased over the years.

## COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII RACE DISCRIMINATION CLAIMS

32.     Plaintiff hereby adopts and realleges paragraphs (1) through eleven (11) herein above as if fully set forth herein.

33.     Plaintiff, Cynthia Fletcher is an African American female.

34.     On or about July 23, 2020, Plaintiff and other employees were waiting to begin work while contractors investigated a shut down.

35.     Plaintiff and the other employees, technicians, were unable to work until the investigation was complete.

36.     Wanda Orr came up behind Plaintiff and other black female employees and stated, "they" were watching us on camera, referring to the white managerial employees.

37.     Plaintiff and other black female employees were then disciplined by the white manager.

38.     The white similarly-situated male employees that were also standing in the same area as the Plaintiff and the other black female employees were not disciplined.

39.     Plaintiff and the other black female employees that were disciplined were treated differently than the white male employees that were engaged in the same or similar actions and were not disciplined.

40.     Plaintiff complained that the discipline was discriminatory and in or around late July or early August 2020, within days after being disciplined, Plaintiff complained to Human Resources at the corporate office that she and other black female employees were being discriminated against because of their gender and race.

41.     On or about August 17, 2020, withing days of Plaintiff complaints of discrimination, she was informed by Human Resources that she was being terminated because of alleged attendance issues, which was false.

42.     Plaintiff disputed that she had any attendance issues.

43.     In June 2020, Plaintiff was falsely accused of having attendance issues and Plaintiff proved that she was not absent and was at work on the days in question and paid for these days, including overtime.

44.     Plaintiff requested that the incorrect absences be removed from her employee record.

45.     On or about August 22, 2020, Plaintiff received a letter from the Defendants stating she was being terminated due to alleged unsatisfactory performance.

46.     Plaintiff was a good employee and prior to her termination had not been informed of any performance issues.

47.     Plaintiff believes that a white male was hired to replace her after her termination and that the number of black employees has decreased while the number

of white employees has increased over the years.

48.    Plaintiff has been treated differently than the white employees.

49.    There is a habit and/or pattern of race discrimination at the Decatur plant.

50.    Defendants have subjected Plaintiff to adverse treatment, harassment, discrimination, including but not limited to unjust discipline and termination with respect to the terms and conditions of her employment and her race was a factor in these decisions.

51.    Plaintiff has been unjustly disciplined, harassed, discriminated against, treated differently, unjustly disciplined, denied pay, and terminated in violation of Title VII.

52.    Supervisors and managers employed by Defendants engaged in these unlawful practices, Defendants were aware of these unlawful practices, and defendants encouraged and/or condoned these unlawful practices.

53.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

54.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

55.    Plaintiff has been directly affected by the racially discriminatory and racially harassing practices described in this Complaint.

56.     Defendant knew or should have known of the racial discrimination and racial harassment Plaintiff was forced to endure.

57.     Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination and racial harassment Plaintiff was forced to endure.

58.     Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

59.     Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

60.     Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended.

61.     Plaintiff is asserting all viable legal theories regarding her Title VII claims and believes race was a factor in Defendants decision to discipline her and terminate her employment.

62.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

63.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by

this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants', their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended;

c.      Grant Plaintiff an Order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S  42 U.S.C. § 1981 RACIAL DISCRIMINATION CLAIMS

64.      Plaintiff hereby adopts and realleges paragraphs (1) through eleven (11)

herein above as if fully set forth herein.

65.     Plaintiff, Cynthia Fletcher is an African American female.

66.     On or about July 23, 2020, Plaintiff and other employees were waiting to begin work while contractors investigated a shut down.

67.     Plaintiff and the other employees, technicians, were unable to work until the investigation was complete.

68.     Wanda Orr came up behind Plaintiff and other black female employees and stated, "they" were watching us on camera, referring to the white managerial employees.

69.     Plaintiff and other black female employees were then disciplined by the white manager.

70.     The white similarly-situated male employees that were also standing in the same area as the Plaintiff and the other black female employees were not disciplined.

71.     Plaintiff and the other black female employees that were disciplined were treated differently than the white male employees that were engaged in the same or similar actions and were not disciplined.

72.     Plaintiff complained that the discipline was discriminatory and in or around late July or early August 2020, within days after being disciplined, Plaintiff complained to Human Resources at the corporate office that she and other black

female employees were being discriminated against because of their gender and race.

73.    On or about August 17, 2020, withing days of Plaintiff complaints of discrimination, she was informed by Human Resources that she was being terminated because of alleged attendance issues, which was false.

74.    Plaintiff disputed that she had any attendance issues.

75.    In June 2020, Plaintiff was falsely accused of having attendance issues and Plaintiff proved that she was not absent and was at work on the days in question and paid for these days, including overtime.

76.    Plaintiff requested that the incorrect absences be removed from her employee record.

77.    On or about August 22, 2020, Plaintiff received a letter from the Defendants stating she was being terminated due to alleged unsatisfactory performance.

78.    Plaintiff was a good employee and prior to her termination had not been informed of any performance issues.

79.    Plaintiff believes that a white male was hired to replace her after her termination and that the number of black employees has decreased while the number of white employees has increased over the years.

80.    Plaintiff has been treated differently than the white employees.

81.    There is a habit and/or pattern of race discrimination at the Decatur

plant.

82.     Defendants have subjected Plaintiff to adverse treatment, harassment, discrimination, including but not limited to unjust discipline and termination with respect to the terms and conditions of her employment and her race was a factor in these decisions.

83.     Plaintiff has been unjustly disciplined, harassed, discriminated against, treated differently, unjustly disciplined, denied pay, and terminated in violation of 42 U.S.C. § 1981.

84.     Supervisors and managers employed by Defendants engaged in these unlawful practices, Defendants were aware of these unlawful practices, and defendants encouraged and/or condoned these unlawful practices.

85.     Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

86.     Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

87.     Plaintiff has been directly affected by the racially discriminatory and racially harassing practices described in this Complaint.

88.     Defendant knew or should have known of the racial discrimination and racial harassment Plaintiff was forced to endure.

89.     Defendant failed to take any prompt and effective action reasonably

calculated to result in the prevention of and/or remedy of the racial discrimination and racial harassment Plaintiff was forced to endure.

90.     Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

91.     Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

92.     Defendant's actions are in violation of 42 U.S.C. § 1981, as amended.

93.     Plaintiff is asserting all viable legal theories regarding her 42 U.S.C. § 1981 claims and believes race was a factor in Defendants decision to discipline her and terminate her employment.

94.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

95.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C. § 1981, as amended;

b.    Grant Plaintiff a permanent injunction enjoining Defendants', their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendants' request from violating 42 U.S.C. § 1981, as amended;

c.    Grant Plaintiff an Order requiring Defendants make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

### STATEMENT OF PLAINTIFF'S TITLE VII RETALIATION CLAIMS

96.    Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

97.    Plaintiff, Cynthia Fletcher is an African American female.

98.    Plaintiff began working for the Defendant in or around July 2018 as a Pack Technician at the Decatur plant.

99.    The week of July 20, 2020, the plant managers required all four shifts

report to work and clean for a shut down.

100.   Four employees were assigned to clean one machine.

101.   Plaintiff complained that there were too many employees assigned to clean one machine because numerous employees already tested positive for Covid-19.

102.   On or about July 23, 2020, Plaintiff and other employees were waiting to begin work while contractors investigated a shut down.

103.   Plaintiff and the other employees, technicians, were unable to work until the investigation was complete.

104.   Wanda Orr came up behind Plaintiff and other black female employees and stated, "they" were watching us on camera, referring to the white managerial employees.

105.   Plaintiff and other black females were then disciplined.

106.   The white similarly-situated male employees that were also standing in the same area as the Plaintiff and the other black female employees were not disciplined.

107.   Plaintiff and the other black female employees that were disciplined were treated differently than the white male employees that were engaged in the same or similar actions and were not disciplined.

108.   Plaintiff complained that the discipline was discriminatory and in or

around late July or early August 2020, within days after being disciplined, Plaintiff complained to Human Resources at the corporate office that she and other black female employees were being discriminated against because of their gender and race.

109.   On or about August 17, 2020, withing days of Plaintiff complaints of discrimination, she was informed by Human Resources that she was being terminated because of alleged attendance issues, which was false.

110.   Plaintiff disputed that she had any attendance issues.

111.   In June 2020, Plaintiff was falsely accused of having attendance issues and Plaintiff proved that she was not absent and was at work on the days in question and paid for these days, including overtime.

112.   Plaintiff requested that the incorrect absences be removed from her employee record.

113.   On or about August 22, 2020, Plaintiff received a letter from the Defendants stating she was being terminated due to alleged unsatisfactory performance.

114.   Plaintiff was a good employee and prior to her termination had not been informed of any performance issues.

115.   Plaintiff has been treated differently than other employee who have not complained of discrimination and engaged in protected activity.

116.   There is a habit/pattern of retaliation against employees that engaged in

protected activity.

117.   Defendants subjected Plaintiff to adverse treatment with respect to the terms and conditions of her employment in retaliation for Plaintiff's complaints and protected activity.

118.   There is a causal connection between Plaintiff's complaints and the adverse actions she has been forced to endure.

119.   Plaintiff has been unjustly disciplined, harassed and terminated in retaliation for her complaints and protected activity and Plaintiff's protected activity was a reason that factored into the Defendants' decision to terminate the Plaintiff.

120.   Supervisors and managers employed by Defendants engaged in these unlawful practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

121.   Defendants failed to train its employees on its purported antiretaliation policies and reporting procedures.

122.   Defendants' dissemination of any antiretaliation policies and reporting procedures has been ineffective.

123.   Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

124.   Defendants' conduct and the conduct of its employees was so severe or pervasive as to create a retaliatory harassing working environment to which Plaintiff

was subjected.

125.   Defendants knew or should have known of the retaliation Plaintiff was forced to endure.

126.   Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

127.   Defendants' actions were and continue to be malicious and Plaintiff has been harmed.

128.   Defendants' actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

129.   Plaintiff avers that she has been unjustly harassed, unjustly disciplined, denied time off, denied sick leave, denied pay, and disciplined and retaliated against for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered, including his termination.

130.   Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended.

131.   Plaintiff is asserting all viable legal theories regarding her Title VII retaliation claims.

132.   Plaintiff has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

133.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants', their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended;

c.      Grant Plaintiff an Order requiring Defendants make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and

benefits as justice may require.

## COUNT FOUR

### STATEMENT OF PLAINTIFF'S  42 U.S.C. § 1981 RETALIATION CLAIMS

134.   Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

135.   Plaintiff, Cynthia Fletcher is an African American female.

136.   Plaintiff began working for the Defendant in or around July 2018 as a Pack Technician at the Decatur plant.

137.   The week of July 20, 2020, the plant managers required all four shifts report to work and clean for a shut down.

138.   Four employees were assigned to clean one machine.

139.   Plaintiff complained that there were too many employees assigned to clean one machine because numerous employees already tested positive for Covid-19.

140.   On or about July 23, 2020, Plaintiff and other employees were waiting to begin work while contractors investigated a shut down.

141.   Plaintiff and the other employees, technicians, were unable to work until the investigation was complete.

142.   Wanda Orr came up behind Plaintiff and other black female employees and stated, "they" were watching us on camera, referring to the white managerial

employees.

143.   Plaintiff and other black females were then disciplined.

144.   The white similarly-situated male employees that were also standing in the same area as the Plaintiff and the other black female employees were not disciplined.

145.   Plaintiff and the other black female employees that were disciplined were treated differently than the white male employees that were engaged in the same or similar actions and were not disciplined.

146.   Plaintiff complained that the discipline was discriminatory and in or around late July or early August 2020, within days after being disciplined, Plaintiff complained to Human Resources at the corporate office that she and other black female employees were being discriminated against because of their gender and race.

147.   On or about August 17, 2020, withing days of Plaintiff complaints of discrimination, she was informed by Human Resources that she was being terminated because of alleged attendance issues, which was false.

148.   Plaintiff disputed that she had any attendance issues.

149.   In June 2020, Plaintiff was falsely accused of having attendance issues and Plaintiff proved that she was not absent and was at work on the days in question and paid for these days, including overtime.

150.   Plaintiff requested that the incorrect absences be removed from her

employee record.

151.   On or about August 22, 2020, Plaintiff received a letter from the Defendants stating she was being terminated due to alleged unsatisfactory performance.

152.   Plaintiff was a good employee and prior to her termination had not been informed of any performance issues.

153.   Plaintiff has been treated differently than other employee who have not complained of discrimination and engaged in protected activity.

154.   There is a habit/pattern of retaliation against employees that engaged in protected activity.

155.   Defendants subjected Plaintiff to adverse treatment with respect to the terms and conditions of her employment in retaliation for Plaintiff's complaints and protected activity.

156.   There is a causal connection between Plaintiff's complaints and the adverse actions she has been forced to endure.

157.   Plaintiff has been unjustly disciplined, harassed and terminated in retaliation for her complaints and protected activity and Plaintiff's protected activity was a reason that factored into the Defendants' decision to terminate the Plaintiff.

158.   Supervisors and managers employed by Defendants engaged in these unlawful practices, were aware of these unlawful practices, encouraged and/or

condoned these unlawful practices.

159.   Defendants failed to train its employees on its purported antiretaliation policies and reporting procedures.

160.   Defendants' dissemination of any antiretaliation policies and reporting procedures has been ineffective.

161.   Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

162.   Defendants' conduct and the conduct of its employees was so severe or pervasive as to create a retaliatory harassing working environment to which Plaintiff was subjected.

163.   Defendants knew or should have known of the retaliation Plaintiff was forced to endure.

164.   Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

165.   Defendants' actions were and continue to be malicious and Plaintiff has been harmed.

166.   Defendants' actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

167.   Plaintiff avers that she has been unjustly harassed, unjustly disciplined,

denied time off, denied sick leave, denied pay, and disciplined and retaliated against for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered, including his termination.

168.    Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended.

169.    Plaintiff is asserting all viable legal theories regarding her Title VII retaliation claims.

170.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

171.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendants' policies, practices and

procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by 42 USC § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants', their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating 42 USC § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

CYNTHIA FORMAN WILKINSON
State Bar ID No:  ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North
Suite A
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Ms. Cynthia Fletcher
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

J.M. Smucker LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Big Heart Pet Brands, Inc.
c/o CT Corporation Systems
2 North Jackson Street
Suite 605
Montgomery, Alabama 36105